# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SANJA DJURIC,**

    **Plaintiff,**

    **v.**                                                                                                         **Case No. 17-CV-832**

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security,**

    **Defendant.**

## DECISION AND ORDER

Sanja Djuric seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for a period of disability and disability insurance benefits under the Social Security Act, 42 U.S.C. § 405(g). For the reasons stated below, the Commissioner's decision is reversed and the case is remanded for further proceedings consistent with this decision pursuant to 42 U.S.C. § 405(g), sentence four.

## BACKGROUND

Djuric applied for a period of disability and disability insurance benefits, alleging disability beginning July 2, 2012 due to residual pain from lumbar surgery, ulnar nerve transposition with residual scarring, frozen shoulder, continual trauma from a fall on her right arm, and obesity. (Tr. 10, 35.) The claim was denied initially and on reconsideration. A hearing was held before an Administrative Law Judge ("ALJ") on January 22, 2016. (Tr. 31.) Djuric testified at the hearing, as did Jacqueline Bethell, a vocational expert ("VE"). (*Id.*)

In a written decision issued April 27, 2016, the ALJ found that Djuric had the severe impairments of a right upper extremity injury, degenerative joint disease (various joints), and

degenerative disc disease of the lumbar spine. (Tr. 13.) The ALJ found that Djuric did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (the "listings"). (Tr. 14.) The ALJ found Djuric had the following residual functional capacity ("RFC"):

> Djuric has no limitations in the total amount of time she is able to sit, stand or walk throughout an 8-hour workday. Djuric needs to alternate her position between sitting, standing and walking for no more than five minutes out of every hour. While doing so, she would not need to be off task. Djuric is limited in her ability to use her dominant right upper extremity; she is not limited with respect to her left upper extremity. She can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently using her left arm alone or both hands and arms together, but can only lift 5 pounds frequently with her right upper extremity alone. She can occasionally push or pull a maximum of 5 pounds with her right hand and arm. Djuric can occasionally climb ramps and stairs, and she can occasionally stoop, kneel, balance, crouch and crawl, but can never climb ladders, ropes or scaffolds. She can frequently reach with her right upper extremity so long as she does not extend more than 75 percent of the normal range of motion; she can never use her right upper extremity such that her arm is extended more than 75 percent of the normal range of motion. She can never use her right upper extremity to work overhead. Djuric can frequently perform fine and gross manipulation with her right hand, but cannot use that extremity for forceful grasping or torqueing.

(Tr. 16.)

Although the ALJ found Djuric was unable to perform her past relevant work, the ALJ found based on Djuric's age, education, work experience, and RFC that jobs existed in significant numbers in the national economy that Djuric could perform. (Tr. 23.) As such, the ALJ found Djuric was not disabled from July 2, 2012 through the date of the decision (April 27, 2016). (Tr. 26.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied the plaintiff's request for review. (Tr. 1.)

# DISCUSSION

## *1. Applicable Legal Standards*

The Commissioner's final decision will be upheld if the ALJ applied the correct legal standards and supported his decision with substantial evidence. 42 U.S.C. § 405(g); *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). Substantial evidence is not conclusive evidence; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schaaf v. Astrue*, 602 F.3d 869, 874 (7th Cir. 2010) (internal quotation and citation omitted). Although a decision denying benefits need not discuss every piece of evidence, remand is appropriate when an ALJ fails to provide adequate support for the conclusions drawn. *Jelinek*, 662 F.3d at 811. The ALJ must provide a "logical bridge" between the evidence and conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

The ALJ is also expected to follow the SSA's rulings and regulations in making a determination. Failure to do so, unless the error is harmless, requires reversal. *Prochaska v. Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006). In reviewing the entire record, the court does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Finally, judicial review is limited to the rationales offered by the ALJ. *Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Campbell v. Astrue*, 627 F.3d 299, 307 (7th Cir. 2010)).

## *2. Application to this Case*

Djuric argues the ALJ erred by denying Djuric's request to subpoena the VE's materials prior to the hearing. Djuric further argues the ALJ's decision to accept the VE's reliance on SkillTRAN

to determine the number of jobs available was not supported by substantial evidence. I will address each argument in turn.

### 2.1 Denial of Subpoena of VE's Materials

Djuric requested a hearing before an ALJ and the ALJ noticed a VE to appear and testify at the hearing. (Tr. 138-62.) Djuric, in turn, requested a subpoena duces tecum requiring the VE to bring with her certain documents upon which she may rely in giving her testimony. (Tr. 246-63.) Djuric objected to the VE testifying about the number of jobs that may exist in the labor market unless she produced valid, reliable data to support her testimony. (Tr. 248.) Djuric further indicated that she did not believe the VE scheduled to appear had any qualifications as a labor market statistician that would qualify her to make extrapolations from the data sources described in the request. (*Id.*) Thus, Djuric objected to the VE's competency to offer such opinions. (*Id.*) Djuric also attached to the request a summary of commonly cited statistical sources, identifying potential reliability problems associated with their use. (Tr. 253-57.) Djuric stated that she did not stipulate to the expertise of the scheduled expert to offer opinions in the case. (Tr. 250.) She noted that, under Seventh Circuit precedent, a vocational opinion could constitute substantial evidence only if the expert used reliable methods and her underlying data and reasoning were available on demand. (Tr. 247-48.) Djuric asked that if the ALJ found her request over-broad or burdensome, he so advise in advance of the hearing so that she could consider amending her requests. (Tr. 250.)

At the hearing, the ALJ informed Djuric that he had denied her request for a subpoena and apologized for failing to provide her with the notice prior to the hearing. (Tr. 59.) In his written decision, the ALJ stated that although Djuric's counsel objected to his refusal to subpoena the VE's

supporting materials before or during the hearing for use in cross-examination, he offered counsel the opportunity to cross-examine the VE at the hearing. (Tr. 24.)

Djuric argues that the ALJ violated Seventh Circuit precedent under *Britton v. Astrue*, 521 F.3d 799 (7th Cir. 2008) when he denied Djuric's subpoena request for the VE's materials. In *McKinnie v. Barnhart*, 368 F.3d 907 (7th Cir. 2004), the Seventh Circuit stated that because an ALJ's findings must be supported by substantial evidence, an ALJ may depend upon expert testimony only if the testimony is reliable. 368 F.3d at 910. The court continued that while a vocational expert is free to give a bottom line, the data and reasoning underlying that bottom line must be "available on demand" if the claimant challenges the foundation of the vocational expert's opinions. *Id.* at 911.

In *Britton*, the Seventh Circuit expounded on its decision in *McKinnie*, addressing whether a claimant should "have had more access to the VE's data." 521 F.3d at 803. The court again noted that when the Commissioner relies on expert testimony from a VE, that testimony must be reliable. *Id.* The court stated, citing *McKinnie*, that "any data or reasoning underlying the VE's bottom line must be 'available on demand' so that the claimant may test the reliability of the VE's testimony." *Id.* (quoting *McKinnie*, 368 F.3d at 910–11).

The *Britton* court recognized that "the lack of pretrial discovery in Social Security hearings can make the task of cross-examining a VE quite difficult" and that is why "the data underlying a VE's testimony must be available on demand to facilitate cross-examination and testing of the VE's reliability." *Id.* at 804. The court encouraged ALJs and the Social Security bar to "cooperate in such a way that makes data underlying VE testimony available on demand without making every hearing impossibly long" and provided several examples on how to do so, such as holding a brief recess so that attorneys could examine the sources relied upon by the VE. *Id.* The court stated that "[w]e

believe that our 'available on demand' rule and these suggestions can be applied to achieve the proper balance between the needs of the claimant to effectively cross-examine the VE and the needs of the Commissioner to hold efficient hearings." *Id.*

Djuric argues that the ALJ ignored the Seventh Circuit's "available on demand" rule when he denied Djuric's subpoena request and denied the request without citing any of the factors listed in 20 C.F.R. § 404.950(d)(2). Section 404.950(d)(2) provides as follows:

> Parties to a hearing who wish to subpoena documents or witnesses must file a written request for the issuance of a subpoena with the administrative law judge or at one of our offices at least 10 business days before the hearing date, unless you show that your circumstances meet the conditions described in § 404.935(b). The written request must give the names of the witnesses or documents to be produced; describe the address or location of the witnesses or documents with sufficient detail to find them; state the important facts that the witness or document is expected to prove; and indicate why these facts could not be proven without issuing a subpoena.

The ALJ denied Djuric's subpoena request with little to no explanation beyond stating that Djuric had the opportunity to cross-examine the VE at the hearing. (Tr. 24.) The Commissioner argues that Djuric fails to state why she could not adequately cross-examine the VE without the requested documents as Djuric's subpoena referred to the specific resource the VE used—SkillTRAN—in the subpoena request. (Tr. 256-57.)

It is true that Djuric's subpoena request stated that she was challenging the foundation of the vocational expert's opinion and included an appendix of commonly cited statistical sources by VEs and noted the shortcomings of these sources. (Tr. 253-57.) Although vocational experts have a set of statistical sources that commonly appear at most administrative hearings, a claimant will not be privy to the exact sources the VE intends to use until the day of the hearing. Djuric's subpoena request attempts to "cover the bases" by pointing out the shortcomings of several common publications. But without the VE producing the underlying documents of the source she intended

to use prior to the hearing, counsel would be required to prepare and review the underlying data for every possible source the VE could use. The Seventh Circuit has stated that the purpose of the "available on demand" rule is to facilitate cross-examination. *Britton*, 521 F.3d at 804. "Pre-hearing guesswork and post-hearing written submissions are no substitute for counsel's ability to ask the VE precisely where in his data he found evidence of a specific number of jobs." *Roxbury v. Colvin*, No. 13-C-1385, 2014 WL 4115862, at *9 (E.D. Wis. Aug. 19, 2014).

Because the ALJ did not articulate his rationale for denying the subpoena, the ALJ failed to provide a "logical bridge" between the evidence and his conclusion. *See Maxwell v. Colvin*, No. 14-CV-1399, 2015 WL 2165590 (E.D. Wis. May 8, 2015) (reversing and remanding when the ALJ denied "without discussion" a request for a subpoena nearly identical to the subpoena in this case). As such, remand is required.[1]

### 2.2 ALJ's Acceptance of SkillTRAN's Numbers

The VE testified that the source of her job numbers was from SkillTRAN, which uses two core data sources to report total employment for occupations, identified with DOT codes. (Tr. 76.) The VE testified that SkillTRAN relies on widely recognized sources from the Department of Labor Bureau of Labor Statistics. (*Id.*) The VE explained that SkillTRAN collects its data through an employer census. (*Id.*) The ALJ found that the VE explained, to his satisfaction, SkillTRAN's sources and methods of collecting data and transferring that data into DOT codes. (Tr. 24.)

---

[1] It should be noted that presently pending before the United States Supreme Court is *Biestek v. Berryhill*. The question before the Court in *Biestek* is as follows: "Can an applicant for Supplemental Security Income (SSI) and Disability Insurance (SSDI) benefits use a vocational expert's testimony as 'substantial evidence' of 'other work' if the expert does not provide the underlying data on which that testimony is premised?" https://www.oyez.org/cases/2018/17-1184 (last visited Sept. 28, 2018).

Djuric argues the VE's testimony fails to explain how SkillTRAN's software converts government statistics not categorized by DOT code into DOT codes and failed to state which version of the SkillTRAN Job Browser Pro software she was relying on.

Although the Seventh Circuit has not spoken directly on the reliability of the SkillTRAN software, courts in this circuit have upheld the VE's use of SkillTRAN and the ALJ's reliance on the numbers produced by SkillTRAN when the VE explains the methodology behind SkillTRAN. *See, e.g.*, *Luna v. Berryhill*, No. 1:17CV354, 2018 WL 2316182, at *4 (N.D. Ind. May 21, 2018) ("The VE explained in his testimony at the hearing that, although he did not have SkillTRAN's methodology memorized, the methodology was available online. As there is no legal requirement that the ALJ or VE explain the methodology used by the SkillTRAN software, the court will not remand on this point."); *Wilhelm v. Berryhill*, No. 1:17CV22, 2017 WL 5248285, at *7 (N.D. Ind. Nov. 13, 2017) (finding the VE, relying on SkillTRAN, properly explained how he reached his job numbers, and the ALJ properly accepted the methodology as reasonable); *Blankenship v. Colvin*, No. 1:16CV222, 2017 WL 2805883, at *4 (N.D. Ind. June 29, 2017) ("Plaintiff has not shown a legal requirement that the ALJ, or the VE, explain the methodology used by Skilltran (the labor market software used by the VE)"); *Lesner v. Colvin*, No. 12 C 7201, 2015 WL 5081267, at *8 (N.D. Ill. Aug. 24, 2015) (upholding ALJ's decision because "the VE did provide the source of her numbers, namely SkillTRAN, publicly available labor market software"); *but see Russell v. Berryhill*, No. 16-CV-1251-JPG-CJP, 2017 WL 3704354, at *4–5 (S.D. Ill. Aug. 28, 2017) (finding VE's conclusions based on SkillTRAN program not supported by substantial evidence); *Wright v. Colvin*, No. 14-CV-1113-CJP, 2015 WL 7293319, at *5 (S.D. Ill. Nov. 19, 2015) (same).

However, because this decision is being remanded based on the ALJ's failure to issue a subpoena of the VE's underlying documents, I need not address the reliability of the SkillTRAN software. Perhaps once plaintiff's counsel receives these underlying documents and can properly cross-examine the VE, counsel's concerns regarding the VE's methodology will be addressed.

## CONCLUSION

Djuric argues the ALJ improperly refused to issue a subpoena in violation of the Seventh Circuit's "available on demand" rule. I find the ALJ erred in this regard and the case must be remanded.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the Commissioner's decision is **REVERSED**, and the case is **REMANDED** for further proceedings consistent with this decision pursuant to 42 U.S.C. § 405(g), sentence four.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 28th day of September, 2018.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge